UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| OBIE E. TEMPLIN, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 6:20-cv-00152 |
| WEBCOLLEX, LLC d/b/a CKS FINANCIAL, | DEMAND FOR JURY TRIAL |
| Defendant. | |

COMPLAINT

**NOW COMES** Obie E. Templin ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of Defendant, Webcollex, LLC d/b/a CKS Financial ("Defendant") as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. §392 for Defendant's unlawful conduct.

JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law TDCA claim under 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Eastern District of Texas, Defendant conducts business in the Eastern District of Texas, and a substantial

portion of the events or omissions giving rise to the claims occurred within the Eastern District of Texas.

**PARTIES**

5. Plaintiff is veteran and is a natural person over 18-years-of-age and is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

1. Defendant is a debt collection agency with its principal place of business located at 505 Independence Parkway, Chesapeake, Virginia 23320. Defendant engages in collection activities in the state of Texas.

6. Defendant is a collection agency with the primary purpose of collecting or attempting to collect consumer debts owed or allegedly owed to others. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and/or telephone, including consumers in the State of Texas.

**FACTS SUPPORTING CAUSES OF ACTION**

7. Prior to the events that give rise to this action, Plaintiff obtained a Visa credit card ("subject debt").

8. Sometime thereafter, Plaintiff fell on financial hardship and could not keep up with payments and defaulted on the subject debt.

9. Subsequently thereafter, Defendant acquired the right to collect on the defaulted subject debt.

10. In fall of 2019, Defendant began placing collection calls to Plaintiff's cellular telephone number (903) XXX-0830, in an attempt to collect on the defaulted subject debt.

11. Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in 0830.

12. On multiple occasions, Plaintiff answered phone calls from Defendant and demanded it cease calling his cellular phone number and send all correspondence via mail.

13. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign, calling Plaintiff's cellular phone number without ever sending Plaintiff any mailed correspondence.

14. In January 2020, Plaintiff received a call from Defendant in which Defendant's representative used offensive, explicit language toward Plaintiff.

15. In total, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone from fall 2019 through the present day.

16. In the calls that Plaintiff did answer, Plaintiff was greeted by a pre-recorded message instructing Plaintiff to hold for the next available representative, followed by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

17. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

18. Moreover, Plaintiff also hears what sounds to be call center noise in the background of Defendant's calls.

19. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system, which is a telephone dialing system commonly used in the debt collection industry to collect defaulted debts.

20. Defendant has used the phone number (903) 270-0595 to call Plaintiff's cellular phone, but upon information and belief, Defendant uses multiple other phone numbers to contact Plaintiff.

## DAMAGES

21. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

22. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

23. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

24. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

27. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

28. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

29. The debt which Defendant is attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

30. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

31. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

32. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(2), d(5), e, and e(10) through its unlawful debt collection practices.

    **a. Violations of FDCPA § 1692c**

33. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over after he demanded that it cease contacting him was harassing and abusive. Even after being told to stop contacting him, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into making a payment on the subject debt.

34. Furthermore, the high volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him into submission.

35. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to him.

### b. Violations of FDCPA § 1692d

36. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking payment on the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff put Defendant on notice that its calls were not welcome on numerous occasions.

37. Defendant violated §1692d(2) when its representative used profane and offensive language toward Plaintiff in a phone call. This language was used with the intent to intimidate and abuse Plaintiff in hopes that he would pay the subject debt.

38. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Furthermore, Defendant continued to place these calls after Plaintiff informed Defendant its calls were no longer welcome. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone from fall 2019 through the present day, using an ATDS without his prior consent.

### c. Violation of FDCPA § 1692e

39. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt from Plaintiff. Defendant repeatedly contacted Plaintiff and even used profane, explicit language toward him. Even after being apprised of its unlawful acts, Defendant continued its harassing behavior by calling Plaintiff numerous times in a deceptive attempt to force him to answer its calls and ultimately make a payment. Through its conduct,

Defendant misleadingly represented to Plaintiff that it had could use abusive language toward him and contact him via an ATDS when it never had prior consent to do so in the first place.

40. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the phones of consumers.

41. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

42. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff OBIE E. TEMPLIN respectfully requests that this Honorable Court:
   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
   c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
   d. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

43. Plaintiff restates and realleges paragraphs 1 through 42 as though fully set forth herein.

44. Defendant placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without his prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

45. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

46. As discussed above, based on Defendant's pre-recorded messages and lack of prompt human response during the phone call in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular phone.

47. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

48. Any prior consent, if any, was revoked by Plaintiff's verbal revocation.

49. Defendant violated the TCPA by placing hundreds of phone calls to Plaintiff's cellular telephone from fall 2019 through the present day, using an ATDS without his prior consent.

50. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

51. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

52. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

53. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on his cellular phone.

54. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone between December 2018 and the present day, using an ATDS without his prior consent.

55. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

56. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

57. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff OBIE E. TEMPLIN respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
   b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
   c. Awarding Plaintiff costs and reasonable attorney fees;
   d. Enjoining Defendant from further contacting Plaintiff; and
   e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

58. Plaintiff restates and realleges paragraphs 1 through 57 as though fully set forth herein.

59. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

60. Defendant is a "third party collector" as defined by Tex. Fin. Code Ann § 392.001(7).

61. The subject debt is a "debt" and a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

   a. **Violations of TDCA § 391.302**

62. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously,

or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

63. Defendant violated the TDCA when it called Plaintiff repeatedly despite his requests that the calls cease. The repeated calls were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment on the subject debt.

64. Moreover, Defendant continued to place calls to Plaintiff's cellular phone after he requested Defendant to cease calling him.

65. Despite Plaintiff's requests for Defendant's phone calls to cease, Defendant continued to place collection calls to Plaintiff's cellular phone without his consent.

66. As pled above, Plaintiff incurred actual damages as a direct result of Defendant's harassment.

**WHEREFORE**, Plaintiff OBIE E. TEMPLIN requests that this Honorable Court:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
   c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
   d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;
   e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b)-(e); and
   f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: March 27, 2020                                              Respectfully Submitted,

/s/ Marwan R. Daher
/s/ Alexander J. Taylor
/s/ Omar T. Sulaiman
Marwan R. Daher, Esq.
Alexander J. Taylor, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com
ataylor@sulaimanlaw.com
osulaiman@sulaimanlaw.com